# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **ANTHONY KEEFNER** <br><br> Plaintiff, <br><br> vs. <br><br> **TRANSITION TRANSPORTATION SERVICES, INC.** <br><br> Defendant. | **CIVIL ACTION FILE NO.** <br><br><br><br> **Jury Trial Demand** |

## COMPLAINT AND JURY DEMAND

**COMES NOW** Anthony Keefner ("Plaintiff" or "Keefner") by and through his undersigned attorney and hereby files this Complaint and Jury Demand against Transition Transportation Services, Inc., ("Defendant" or "Company") as follows:

## NATURE OF COMPLAINT

1. Plaintiff brings this action to obtain full and complete relief for Defendant's failure to pay overtime compensation, as required by the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA").

## PARTIES

2. Plaintiff is an individual and a resident of the State of Georgia.

3. Plaintiff previously worked for Defendant as a paramedic, serving Defendant's clients and patients primarily located throughout the metropolitan Atlanta area and elsewhere throughout Georgia.

4. Defendant is a domestic profit corporation registered with the Georgia Secretary of State; as such, Defendant operates and exists under the laws of the State of Georgia.

5. Defendant provides ambulance and paramedic services.

## SUBJECT MATTER JURISDICTION

6. This Court has subject matter jurisdiction concerning Plaintiff's civil action pursuant to 28 U.S.C. § 1331, as the allegations in this civil action concern the laws of the United States of America.

## PERSONAL JURISDICTION

7. Defendant may be served with process concerning this civil action through its registered agent, listed with the Georgia Secretary of State Corporations Division: Kaheem Freeman, 880 Glenwood Ave. SE, Unit 3373, Atlanta, GA 30316.

8. Defendant provides ambulance transportation and paramedic services to its clients and patients located primarily throughout the metropolitan Atlanta area and elsewhere throughout Georgia.

9. Defendant's principal office is located at 100 Hartsfield Center Parkway, Suite 500, Atlanta, Georgia 30354.

10. At all relevant times, Defendant is, and has been, an "employer" for purposes of 29 U.S.C. § 203(d).

11. Plaintiff began working for Defendant on or about September 17, 2019.

## VENUE

12.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and LR NDGa 3.1(B)(3) because the employment practices and other conduct engaged in by Defendant concerning Plaintiff occurred in the Atlanta Division of the Northern District of Georgia.

## FACTUAL ALLEGATIONS

13.     Plaintiff worked Monday through Saturday, and he typically had Sundays off.

14.     Plaintiff's job primarily involved providing paramedic services to Defendant's patients, who were picked up using Defendant's ambulance at various locations.

15.     Plaintiff would routinely use Defendant's cardiac monitors, emergency medicines and life support equipment to provide paramedic services to Defendant's patients.

16.     On occasion, Defendant would require Plaintiff to drive the ambulance to various locations.

17. The ambulance, medical equipment, Plaintiff's uniform, and the tools and equipment he used to perform his job were all provided by Defendant.

18. Defendant set Plaintiff's weekly and daily work schedule.

19. During all relevant periods of time, Plaintiff was an hourly FLSA nonexempt employee scheduled to work a 40-hour workweek.

20. After completing his routes, Plaintiff would complete time sheets and turn them in to the Company.

21. Plaintiff was paid by the hour for the work he performed for Defendant.

22. Plaintiff regularly worked more than 40 hours per week, without receiving any overtime pay.

23. During all relevant periods of time that Plaintiff worked for Defendant, Defendant controlled his schedule, manner of work, pay amounts, work hours and how the work was performed, and Defendant exercised day-to-day control over Plaintiff's work activities.

**COUNT I**
(Defendant's Failure to Pay Overtime in Violation of
FLSA, 29 U.S.C. § 201 *et seq*.)

24. Plaintiff reasserts and realleges the allegations set forth in paragraphs 1 through 23 hereinabove as though set forth fully and separately herein.

25. Defendant is and has been an employer for purposes of the FLSA, 29 U.S.C. § 203(d).

26. During all relevant times, Defendant employed individuals engaged in commerce, or in the production of goods for commerce or the production of commercial goods for commerce, and had annual gross sales of at least $500,000.

27. During all relevant periods of time, Plaintiff was a nonexempt employee of Defendant.

28. While employed by Defendant, Plaintiff engaged in commerce or in the production of goods for commerce in that Plaintiff has directly participated in the actual movement of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce or (ii) by regularly using the instrumentalities of interstate commerce in his work.

29. Plaintiff was an employee of Defendant for purposes of the FLSA, 29 U.S.C. § 203(e).

30. While employed by Defendant, Plaintiff regularly performed work outside of a 40-hour workweek for which he received no additional compensation.

31. Defendant violated 29 U.S.C. § 207 in failing to pay Plaintiff one and one-half his regular rate of pay for hours worked in excess of 40 hours in a week.

## COUNT II
(Defendant's Willful Failure to Pay Overtime in Violation of
FLSA, 29 U.S.C. § 201 *et seq*.)

32. Plaintiff reasserts and realleges the allegations set forth in paragraphs 1 through 31 hereinabove as if the same were alleged herein.

33. Defendant disregarded the very possibility that it was violating the FLSA as Defendant willfully and knowingly controlled Plaintiff's schedule, manner of work, pay amounts, work hours, how the work was performed, and provided him with a uniform as well as equipment and tools to do his job, yet it failed to pay him overtime.

34. Defendant's disregard of its obligations to pay overtime under FLSA was willful, deliberate or with knowing disregard of its obligation to pay Plaintiff for overtime hours worked.

35. Defendant's conduct constitutes a willful violation of the FLSA.

## JURY TRIAL DEMAND

36. Plaintiff requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE based on the above stated claims that Defendant has violated Plaintiff's rights afforded to him under FLSA, 29 U.S.C. §201 *et seq.*, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, and order the following relief as allowed by law:

A. An award of overtime compensation;

B. Liquidated damages;

C. Pre-judgment and post-judgment interest at the highest lawful rate;

D. Attorneys' fees and costs of this action; and

E. Such further relief as the Court deems just and proper.

Respectfully submitted this 16th day of November 2020.

**HKM EMPLOYMENT ATTORNEYS LLP**

By: *s/ Jermaine A. Walker*

Jermaine "Jay" A. Walker
HKM Employment Attorneys LLP
3355 Lenox Road, Suite 660
Atlanta, Georgia 30326
(telephone) 404-301-4020
(fax: same #) 404-301-4020
jwalker@hkm.com
**Attorney for Plaintiff**